CASE NUMBER: 1: 13CR00010-001
USM NUMBER: 20874-078

TO:UNITED STATES DISTRICT JUDGE
   ATT:RON CLARK,CHIEF JUDGE
   Jack Brooks Federal Bldg & U S Courthouse,
   300 Willow St,Ste 221
   Beaumont,Texas 77701-2200

FROM:Samuel David Sanford III #1964982
   Lynaugh Unit
   1098 S.Hwy 2037
   Fort Stockton,Texas 79735

RE: MOTION FOR EXTRADITION BACK INTO THE,

FEDRAL PRISION SYSTEM:

TO:THE HONORABLE U.S DISTRICT CHIEF JUDGE,RON CLARK.

   Greetings My name is Samuel David Sanford III,REG NO.#20874078.On May 15th,2014 I was Convicted for bank Robbery and was sentence to 72 Months in Federal Prison.Infact I was picked up from the Galveston County Jail on or about March 3rd,2013 and was keep in the Custody of the United States Marshals Service for 16 Months while going through the Sentencing Prosses.

INFACT: On or about the 14th day of July,2014 the United States Marshals Service Released me back into the Custody of the Galveston County,Texas Jail on Two State of Texas Detainers.

INFACT: On August 21st,2014 I Samuel David Sanford III,TDC-ID-NO.1964982 Plead Guilty to Aggravated Robbery and Unlawful Possession of a Firearm by a Felon.I Samual David Sanford III,was sentence to two five years sentences on both Offenses,that would RUN CONCURRENTLY with my 72 Months Federal Prison Sentence.SEE:ATTACHMENTS/EXHIBIT'S-.A.-.B : Judgement of Conviction by Court Waiver of Jury Trial.

INFACT: I Samuel David Sanford III,am Requesting Extradition back into the Federal Prision System WITH-IN 90-Days.To comply with the United States District Court of the Eastern District of Texas,Beaumont Judgement.In Criminal Case Number;1:13CR00010-001 USM NO.20874-078 Filed Date 05/23/2014 as listed below.

1•)The Court Recomends that the Defendant be placed in a FEDERAL FACILITY in FLORENCE,COLORADO,to Facilitate Family Vistation,If Eligible: YES

2•)The Court Recomends that the Defendant be allowed to Participate in a Mental Health Treatment Program,If Eligible: YES

3•)The Court Recomends that the Defendant be allowed to Participate in a SUBSTANCE ABUSE TREATMENT PROGRAM,If Eligible: YES: SEE NOW ATTACHMENT/EXHIBIT-.C.:At Page No.2 and 3 of the United States District Court Judgement of Conviction,by Chief Judge Ron Clark.

        " Thank you for your Assistance in this matter "

      * PLEASE FILE STAMP AND RETURN THIS LEGAL DOCUMENT *

DATED: 11/28/2016

                           RESPECTFULLY SUBMITTED:
                           Samuel David Sanford III

C.CFILE:

EXTRADITION TO FEDERAL CUSTODY

| | CASE NO. 13CR0153 COUNT <br> INCIDENT NO./TRN: **9216357142 A001** | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 405TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| **SAMUEL DAVID SANFORD, III** | § | GALVESTON COUNTY, TEXAS |
| STATE ID NO.: **TX05582145** | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | **HON.** Michelle M. Slaughter | Date Judgment Entered: | AUGUST 21, 2014 |
|---|---|---|---|
| Attorney for State: | **MATTHEW SHAWHAN** | Attorney for Defendant: | **ROBERTO TORRES** |

Offense for which Defendant Convicted:
**AGGRAVATED ROBBERY**

| Charging Instrument: <br> **INDICTMENT** | Statute for Offense: <br> **29.03 Penal Code** | |
|---|---|---|

Date of Offense:
**DECEMBER 11, 2012**

| Degree of Offense: <br> **1ST DEGREE FELONY** | Plea to Offense: <br> **GUILTY** | Findings on Deadly Weapon: <br> **YES, A FIREARM** |
|---|---|---|

Terms of Plea Bargain:
**FIVE (5) YEARS INSTITUTIONAL DIVISION, TDCJ**

| Plea to 1st Enhancement Paragraph: **ABANDON** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** | Plea to 3rd Enhancement/Habitual Paragraph: **N/A** |
|---|---|---|
| Findings on 1st Enhancement Paragraph: **ABANDON** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** | Findings on 3rd Enhancement/Habitual Paragraph: **N/A** |
| Date Sentence Imposed: AUGUST 21, 2014 | Date Sentence to Commence: | AUGUST 21, 2014 |
| Punishment and Place of Confinement: | **FIVE (5) YEARS INSTITUTIONAL DIVISION, TDCJ** | |

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR .

| Fine: <br> $ | Court Costs: <br> $ 291.00 | Attorney Fees: <br> $ paid u 12CR2350 |
|---|---|---|
| Restitution: <br> $ | Restitution Payable to: <br> ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) | |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was .

| | | |
|---|---|---|
| | **CASE NO. 12CR2350**   COUNT | IN THE 405TH JUDICIAL |
| | INCIDENT NO./TRN: **921628675X A001** | |
| THE STATE OF TEXAS | § | |
| | § | DISTRICT COURT OF |
| v. | § | |
| | § | |
| SAMUEL DAVID SANFORD, III | § | GALVESTON COUNTY, TEXAS |
| STATE ID NO.: TX05582145 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. Michelle M. Slaughter | Date Judgment Entered: | AUGUST 21, 2014 |
| Attorney for State: | **MATTHEW SHAWHAN** | Attorney for Defendant: | **ROBERTO TORRES** |

Offense for which Defendant Convicted:

**UNLAWFUL POSSESSION OF A FIREARM BY A FELON WITH ENHANCEMENT**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **46.04 Penal Code** |

Date of Offense:
**AUGUST 29, 2012**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **2ND DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**FIVE (5) YEARS INSTITUTIONAL DIVISION, TDCJ**

| Plea to 1st Enhancement Paragraph: **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** | Plea to 3rd Enhancement/Habitual Paragraph: **N/A** |
|---|---|---|
| Findings on 1st Enhancement Paragraph: **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** | Findings on 3rd Enhancement/Habitual Paragraph: **N/A** |
| Date Sentence Imposed: **AUGUST 21, 2014** | Date Sentence to Commence: **AUGUST 21, 2014** | |

Punishment and Place of Confinement: **FIVE (5) YEARS INSTITUTIONAL DIVISION, TDCJ**

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR          .

| Fine: | Court Costs: | Attorney Fees: |
|---|---|---|
| $ | $ 311.00 | $ 788.00 |

| Restitution: | Restitution Payable to: |
|---|---|
| $ | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was          .

Case 1:13-cr-00010-RC-ZJH   Document 52   Filed 05/23/14   Page 1 of 7 PageID #: 218

AO 245B      (Rev. 09/08) Judgment in a Criminal Case
             Sheet 1

# United States District Court

## EASTERN DISTRICT OF TEXAS
### Beaumont

UNITED STATES OF AMERICA
### V.
SAMUEL DAVID SANFORD III

**JUDGMENT IN A CRIMINAL CASE**

Case Number:    1:13CR00010-001

USM Number:    20874-078

Gary F. Dennison
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)      1 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2113(a) | Bank Robbery | 12/19/2012 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/15/2014
_____
Date of Imposition of Judgment

_____
Signature of Judge

RON CLARK

U.S. DISTRICT JUDGE
_____
Name and Title of Judge

5/23/14
_____
Date

AO 245B  (Rev. 09/08) Judgment in Criminal Ca
        Sheet 2 — Imprisonment

Judgment — Page   2   of   7

DEFENDANT: SAMUEL DAVID SANFORD III
CASE NUMBER: 1:13CR00010-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **72 months**

To avoid confusion as to the court's intent concerning charges pending in state court in Galveston County: The Court makes no recommendations as to whether those sentences should be concurrent. These charges do not originate out of the events surrounding the count of conviction. The state court or courts must determine whether or not it would be appropriate to reduce the sentences in those cases because of the sentence in this case.

☑ The court makes the following recommendations to the Bureau of Prisons:

SEE CONTINUATION PAGE

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case

|  | Judgment—Page | 3 | of | 7 |

DEFENDANT: SAMUEL DAVID SANFORD III
CASE NUMBER: 1:13CR00010-001

## Continuation page

The Court recommends that the defendant be placed in a federal facility in Florence, Colorado, to facilitate family visitation, if eligible.

The Court recommends that the defendant be allowed to participate in a mental health treatment program, if eligible.

The Court recommends that the defendant be allowed to participate in a substance abuse treatment program, if eligible.

While incarcerated, it is recommended that the defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

| | Judgment—Page | 4 | of | 7 |
|---|---|---|---|---|

DEFENDANT: SAMUEL DAVID SANFORD III
CASE NUMBER: 1:13CR00010-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check. if applicable.) ·

☐ . The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:13-cr-00010-RC-ZJH Document 52 Filed 05/23/14 Page 5 of 7 PageID #: 239

AO 245B     (Rev. 09/08) Judgment in a Criminal
            Sheet 3C — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:  SAMUEL DAVID SANFORD III
CASE NUMBER:  1:13CR00010-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

Under the guidance and direction of the United States Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The defendant shall pay any cost associated with treatment and testing.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT: SAMUEL DAVID SANFORD III
CASE NUMBER: 1:13CR00010-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 25,859.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| CHASE BANK | $25,859.00 | $25,859.00 | 0% |
| **TOTALS** | $ 25,859.00 | $ 25,859.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the ☐ fine ☑ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT: SAMUEL DAVID SANFORD III
CASE NUMBER: 1:13CR00010-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☑ in accordance ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

It is further ordered that the defendant is to pay restitution totaling $25,859 to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any restitution amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the U.S. District Court. Fine & Restitution. 1910 E SE Loop 323 No 287. Tyler. TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SAMUEL O. SANFORD III
1964982
LYNAUGH UNIT
1098 S. HWY 2037
FORT STOCKTON, TEXAS 79735



**RECEIVED**

DEC 01 2016

RON CLARK
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT JUDGE
ATT: RON CLARK, CHIEF JUDGE
JACK BROOKS FEDERAL BLDG
300 WILLOW ST, STE 221
BEAUMONT, TEXAS 77701-2200

7770132200